IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT BARD, | : |
|     Petitioner | : |
|     v. | : Case No. 3:22-cv-100-KAP |
| MICHAEL UNDERWOOD, WARDEN, | : |
|  F.C.I. LORETTO, | : |
|     Respondent | : |

## Memorandum Order

Petitioner has filed at ECF no. 1 a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241(c)(3) and at ECF no. 2 an ancillary motion challenging the Bureau of Prisons' failure to compute time credits under the applicable provisions of the First Step Act of 2018, Pub.L.No. 115-391, 132 Stat. 5208 (December 21, 2018). The First Step Act amended 18 U.S.C.§ 3621 to require the Bureau of Prisons to create or expand programs that will reduce the risk of recidivism by persons convicted of federal offenses, and to award inmates who participate in these programs credits that can be applied toward time in prerelease custody or supervised release.

Petitioner attaches a copy of the transcript of the 60 or so programs he has participated in (some of them taken well before the First Step Act was enacted, some taken more than once) and asserts that the First Step Act entitles him to approximately 22 months earned time credit for all the programs. *See* ECF no. 2-1. Petitioner states he exhausted his administrative remedies by appealing to the BOP's general counsel on July 1, 2022. *See* ECF no. 9. He filed this habeas petition, however, on June 17, 2022.

In general, an inmate who seeks habeas relief from actions by the Bureau of Prisons affecting the execution of a federal sentence, whether a disciplinary sanction, credit for prior custody decision, sentence computation, or length of placement in a residential re-entry center, must exhaust available administrative remedies first, *see* 28 C.F.R.§ 542.10-19, unless the matter involves only a question of law without the need for development of a factual record. *See* Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir.2012), *citing* Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir.1981). As the Court of Appeals has been saying for four decades, use of the administrative process not only facilitates judicial review by allowing the Bureau of Prisons to develop a factual record and explain its decision, but also conserves judicial resources because in at least some cases the inmate obtains relief in the administrative process. *See* Barksdale v. Sing Sing, 645 Fed.Appx. 107 (3d Cir. 2016); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir.1996); Arias v. United States Parole Commission, 648 F.2d 196 (3d Cir.1981).

There is no good reason for dispensing with the requirement of administrative

1

exhaustion. Petitioner's release date is indisputably several years off, and until petitioner has earned time credits equal to the remainder of his imposed term of imprisonment, he is ineligible to have any time credits applied. Mills v. Starr, No. CV 21-1335 (SRN/BRT), 2022 WL 4084178, at *4 (D. Minn. Aug. 17, 2022), *report and recommendation adopted*, No. 21-CV-1335 (SRN/BRT), 2022 WL 4080750 (D. Minn. Sept. 6, 2022).

Second, it is for the BOP in the first instance to determine if a course petitioner took after the effective date of the First Step Act, whether "Introduction to Fly Fishing," or "History of Rock and Roll," is an "evidence-based recidivism reduction program[] or productive activit[y]," *see* 18 U.S.C.§ 3632(a)(3), and if so what successful completion of that program requires. See Workman v. Cox, No. 4:20-cv-04197-LLP, 2021 WL 1080396, at *3 (D.S.D. Jan. 13, 2021), *report and recommendation adopted*, 2021 WL 1060205 (D.S.D. Mar. 18, 2021); Kennedy-Robey v. FCI Pekin, No. 20-cv-1371, 2021 WL 797516, at *2 (C.D. Ill. Mar. 2, 2021). This court has no business guessing on no record whether petitioner should receive credits for "Spirituality," "Sports Nutrition," or "Evolution."

It may be that the BOP will grant credit for some programs but reject award of credit for others because the BOP will have regarded them not to have been successfully completed, or to be duplicates of another course for which credit is sought, or not to be recidivism-reducing, or because petitioner did not complete a "SPARC-13 needs assessment." Petitioner has an administrative remedy and can complete exhaustion of it before resolution of these disputes would have a real-world effect on petitioner's custody status.

The petition at ECF no. 1 and ancillary motion at ECF no. 2 are dismissed without prejudice.

DATE: October 4, 2022

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Robert Bard, Reg No. 70720-067
F.C.I. Loretto
P.O. Box 1000
Cresson, PA 16630